IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DR. STUART T. ZALLER, LLC | : | |
| | : | |
| v. | : | Civil No. CCB-11-789 |
| PHARMAWEST PHARMACY, LTD., et al. | : | |

**MEMORANDUM**

Plaintiff Dr. Stuart T. Zaller, LLC ("Zaller") has brought suit against defendants Pharmawest Pharmacy, Ltd. ("Pharmawest") and a "John Doe Fax Broadcaster," alleging violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act ("Maryland TCPA"), Md. Code Ann., Com. Law §§ 14-3201 to -3202.  Pharmawest has filed a 12(b)(6) motion to dismiss and Zaller has responded with a motion for Rule 11 sanctions against Pharmawest and its attorneys. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, defendant's motion to dismiss will be granted in part and denied in part. Plaintiff's motion for sanctions will be denied.

**BACKGROUND**

Plaintiff Zaller alleges the receipt of at least ninety unsolicited faxes advertising the availability of Botox and other drugs and services at the website NorthWestPharmacy.com. (Compl. at ¶¶ 6-8). According to the complaint, the faxes failed to include proper opt-out

1

notices, and a portion of them additionally failed to communicate the date and time sent, as required by the TCPA. (*Id.* at ¶¶ 6, 12). Zaller alleges that NorthWestPharmacy.com is "Defendant's website," (*id*. at ¶ 8), and that Pharmawest conspired with unnamed fax broadcasters and other entities to send the unsolicited faxes. (*Id*. at ¶6). The complaint requests monetary damages of $1,500 for each knowing and willful violation of the TCPA,[1] and it treats the unsolicited nature of a fax and the failure to include the time and date on a fax as separate violations. (*Id*. at ¶¶ 41-61). Including an additional $500 per violation of the Maryland TCPA, the total amount Zaller seeks from Pharmawest and its as-yet-unnamed co-defendant reaches at least $223,000, plus costs and attorney's fees. The complaint is divided into four separate counts: Count 1 requests monetary relief under the TCPA for the unsolicited nature of the faxes; Count 2 requests injunctive relief to enjoin any further violations of the TCPA; Count 3 separately requests monetary relief for failure to provide the date and time on each fax; and Count 4 requests monetary relief under the Maryland TCPA.

In its motion to dismiss, Pharmawest argues that Count 3 must be dismissed because there is no private right of action for a violation of the date and time requirement in TCPA. (Def.'s Mot. to Dismiss at 2). The company also argues that Zaller's other claims under Counts 1, 2, and 4 should be dismissed for failure to meet the pleading standards of the Supreme Court decisions in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (Def.'s Mot. to Dismiss at 2). Zaller filed an answer in response to this motion and then subsequently filed a motion for Rule 11 sanctions against Pharmawest and

---

[1] The TCPA provides for a successful plaintiff to receive the actual monetary loss from the violation or $500 in damages for each violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). But if the court finds that the violation was willful or knowing, then it may, in its discretion, increase the award to an amount equal to not more than 3 times the amount available otherwise. 47 U.S.C. § 227(b)(3).

its counsel for a "frivolous" motion to dismiss that was "made for the purpose of causing unnecessary delay." (ECF No. 19, at 1). Zaller claims that the key case cited in the motion is "essentially irrelevant," that Pharmawest ignores recent amendments to the TCPA that seem to limit the viability of its argument, and that the *Iqbal* and *Twombly* claims are "nonsensical." (*Id.* at 1-2).

## ANALYSIS

### I. Private Right of Action

The subsection of the TCPA prohibiting unsolicited fax advertisements, 47 U.S.C. § 227(b), contains an express private right of action for a suit "based on a violation of [the] subsection." 47 U.S.C. § 227(b)(3). The "[t]echnical and procedural standards" subsection that makes it "unlawful" to send a fax without marking the date and time on the transmission, however, contains no parallel express right. 47 U.S.C. § 227(d). Courts have found that the lack of an express private right of action in § 227(d) limits private suits for violation of the TCPA's notice provisions, allowing enforcement of this latter subsection only by state attorneys general. *See, e.g.*, *Holmes v. Back Doctors*, 695 F.Supp.2d 843, 854-55 (S.D. Ill. 2010) (concurring "with the vast majority of courts that have addressed whether a private right of action exists under 47 U.S.C. § 227(d) . . . and have concluded that it does not"); *Kopff v. Battaglia*, 425 F.Supp.2d 76, 91 (D.D.C. 2006) (concluding that "Congress plainly opted not to permit a private civil action for violations of the fax-sender identification requirements when it omitted any mention of such a right in the statutory provision").

Zaller argues that the 2005 amendments to the TCPA made the express private right of action in § 227(b) applicable to the § 227(d) technical and procedural standards subsection as

well. (Compl. ¶¶ 52-61; Pl.'s Resp. to Def.'s Mot. to Dismiss at 3). When Congress amended the TCPA through passage of the Junk Fax Prevention Act of 2005 ("JFPA"), Pub L. No. 109-21, 119 Stat. 359 (2005), it codified the "established business relationship" exception to TCPA liability. *See Kopff*, 425 F.Supp.2d at 82. To do so, Congress added language to § 227(b) to allow senders with an established business relationship with a recipient to send unsolicited fax advertisements, as long as such a fax "contains a notice meeting the requirements under paragraph (2)(D)." 47 U.S.C. § 227(b)(1)(C)(iii). A new subparagraph at § 227(b)(2)(D) then instructs that "an unsolicited advertisement complies with the requirements under this subparagraph only if" various specifications are met, including that "the notice complies with the requirements of [§ 227(d)]." 47 U.S.C. § 227(b)(2)(D)(vi). Thus, the new language in § 227(b) does now clearly reference § 227(d) in a way that it did not prior to the 2005 amendments.

Zaller contends that this new reference creates the possibility of a separate violation of subsection § 227(b) which is therefore independently actionable under the § 227(b)(3) express private right of action. To agree, however, would require ignoring the plain meaning of the statute. The new language of §227(b) makes it unlawful to send a fax "unless" the unsolicited advertisement meets several conditions, including that it is sent by a sender with an established business relationship and that it contains a notice meeting the requirements of § 227(d). 47 U.S.C. § 227(b)(1)(C). Thus, the new reference to § 227(d) is only added for the purpose of describing the newly codified *exception* to pre-existing § 227(b) liability. The reference should not be read to create a new separate cause of action for violations of the date and time provisions in § 227(d); it is part of an effort by Congress to limit, rather than expand, statutory liability

under the Act.[2]

Accordingly, the court must grant Pharmawest's motion to dismiss Count 3 of the complaint and deny Zaller's motion for Rule 11 sanctions.

## II.     Sufficiency of the Complaint

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and

---

[2] To the extent this ruling differs from that in *Tryon v. Nationwide Chemical Corp.*, No. 07-00650 (Ohio C.P. Dec.

conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Pharmawest argues that the instant complaint fails to meet the *Twombly* and *Iqbal* pleading standards because it "fails to allege that Pharmawest was the entity that sent the facsimiles at issue," (Def.'s Mot. to Dismiss at 6), and "provides no basis for any allegation that Pharmawest sent any of the facsimiles at issue." (*Id.* at 7). Zaller does, however, allege that Pharmawest sent the facsimiles at issue. In Count 1, the complaint alleges that "[d]efendants used a telephone facsimile machine or computer or other device to send an unsolicited advertisement to a telephone facsimile machine of Plaintiff," (Compl. ¶ 42), and that "[d]efendants are all the 'senders' of the respective unsolicited fax ads alleged." (*Id.* at ¶ 45).

Whether the complaint provides sufficient factual basis for this allegation is a separate question, but also one that should be answered in the affirmative. The complaint alleges that the faxes advertised "Defendant's website, NorthWestPharmacy.com," (*id.* at ¶ 8), and that the NorthWestPharmacy.com website identifies PharmaWest as doing business from a specific suite at a specific address in Langley, British Columbia. (*Id.* at ¶9). The fax that Zaller attached to the complaint identifies NorthWestPharmacy.com as having the very same address, down to the suite number, as PharmaWest. (Compl. Ex. 1). These facts are enough to raise Zaller's right to relief above a speculative level, and thus to satisfy the requirements of *Twombly* and *Iqbal*.

Pharmawest also argues that Zaller "has not put Pharmawest on notice as to which

---

31, 2007), this court respectfully disagrees with the Ohio court.

activities are being attributed to it as opposed to the other unnamed defendant(s)." (Def.'s Mot. to Dismiss at 6). The basis for this argument is that the complaint alleges that "'Defendants' or 'all Defendants' engaged in some behavior or knew of some information, without specifying which defendant allegedly did or knew what." (*Id*. at 8). The court finds the meaning of the complaint to be clear. By using plural language, Zaller simply alleges that *both* of the defendants, Pharmawest and the John Doe fax broadcaster, engaged in the same behavior and knew the same information. Pharmawest is thus clearly on notice of what activities are being attributed to it.

Finally, Pharmawest's contention that the complaint "is replete with . . . conclusory statements," (Def.'s Mot. to Dismiss at 6), is similarly unavailing. The only two examples of conclusory statements that Pharmawest provides are statements not essential to Zaller's prima facie case. Zaller does not provide factual support for the allegation that Pharmawest had knowledge of the TCPA before sending the faxes, but knowledge of the TCPA is not a necessary element of the TCPA claim. Knowledge is only necessary to a request for treble damages. *See* 47 U.S.C. § 227(b)(3). Neither, as Pharmawest notes, does Zaller provide support for the allegation that "Plaintiff does not have an established business relationship with any Defendant." (Def.'s Mot. to Dismiss at 9 (citing Compl. at ¶23)). But the non-existence of an established business relationship is not part of the prima facie case that a plaintiff must allege. The existence of such a relationship is an affirmative defense, and Pharmawest may attempt to prove that one exists in a subsequent motion or pleading.

## **CONCLUSION**

For all of the reasons set forth above, defendant's motion to dismiss Count 3 of the

complaint will be granted. A private plaintiff may not allege a separate violation of the TCPA based solely on the failure to mark fax ads with the date and time. Plaintiff's motion for Rule 11 sanctions will therefore be denied. However, defendant's motion will be denied as to Counts 1, 2, and 4. The portions of the complaint alleging violations of § 227(b) of the TCPA meet the pleading standards of *Twomby* and *Iqbal*.

       A separate order follows.


<u>November 8, 2011</u>                               <u>      /s/       </u>
Date                                              Catherine C. Blake
                                                   United States District Judge